UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NEW YORK TAXI WORKERS ALLIANCE,
BIGU HAIDER, VIJAY SHANTI, INDERJEET
PARMAR, DIOGENES CARRASCO, TIMOTHY
CAVARETTA, CHERNO JALLOW,
Individually, on Behalf of All Others Similarly
Situated, and as Class Representatices,

                                          **INDEX NO: 16-CV-4098**

                         Plaintiffs,

    -against-

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER
USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LLC, GARRET
CAMP, ANDREW CHAPIN, DANACH-NY, LLC, DREIST-
NY, LLC, DREIZEHN-NY, LLC, DRINNEN-NY, LLC, EINS-
NY, LLC, ELF-NY, LLC, EINUNDZWANZIG-NY, LLC,
FUNF-NY, LLC, FUNFZEHN-NY LLC, GRUN, LLC, J.
WILLIAM GURLEY, HINTER, LLC, TRAVIS KALANICK,
JOSH MOHRER, NEUN-NY, LLC, NEUNZEHN-NY, LLC,
SCHMECKEN, LLC, SECHS-NY, LLC, SIEBEN-NY, LLC,
SIEBZEHN-NY, LLC, UNTER, LLC, VIER-NY, LLC,
VIERZEHN-NY, LLC, WEITER, LLC, ZEHN-NY, LLC,
ZWANZIG-NY LLC, ZWEI-NY, LLC, ZWOLF-NY, LLC,
jointly and severally,

                         Defendants.
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION OF INJUNCTIVE RELIEF/PROTECTIVE ORDER

Jeanne Mirer, Esq.
Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC
150 Broadway, 12th Floor
New York, NY 10038

# Table of Contents

Introduction..................................................................................................................3

I. THE DUTY TO PRESERVE RECORDS.................................................................4

II. PLAINTIFFS HAVE DISCOVERED EVIDENCE THAT UBER HAS NOT
COMPLIED WITH ITS DUTY TO PRESERVE EVIDENCE. UBER HAS MADE
CHANGES ON PAY RECORDS WHICH IMPACTS THEIR CLAIMS
AND PLAINTIFFS DO NOT KNOW IF UBER HAS DESTROYED THE
ORIGINALS............................................................................................................5

III. PLAINTIFFS ARE SEEKING INJUNCTIVE RELIEF CONSISTENT WITH THE
COURT'S INHERENT POWER TO REMEDY ABUSE OF JUDICIAL PROCESS
WITH RESPOECT TO THE PRESERVATION OF PAY RECORDS IN THIS
CASE........................................................................................................................7

    A. The Court's Concern for the Maintenance and Integrity of the Evidence............8

    B. Irreparable Harm Is Likely to Result Without the Requested Orders..................9

    C. The Capability of Defendants to Preserve these Records..................................10

Conclusion.................................................................................................................10

# Table of Authorities

**Cases**

*Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004) ..................................................................................................................................7

*Cat3, LLC v Black Lineage Inc.*, 164 F. Supp.3d 488 (S.D.N.Y. 2016)..........................................8

*Conklin v Specialist LLC*, 2016 WL 6884919 (S.D.N.Y Nov. 22, 2016): ...................................7, 9

*Cunningham v Bower 1989WL 35993* (D.Kan. March 21, 1989)......................................................7

*Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)............................................4

*Kalwasinski v. Ryan,* No. 96–CV–6475, 2007 WL 2743434, at *2 (W.D.N.Y. Sept. 17, 2007)....9

*Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir.1998) ..........................................................4

*Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370 (S.D.N.Y. 2006) ....................................................7

*United States v. Shaffer Equipment Co.*, 11 F.3d 450, 462 (4th Cir.1993) .....................................8

## INTRODUCTION

Plaintiffs in this proposed class action are individual Uber drivers, Biju Haider, Vijay Shanti, Inderjeet Parmar, Diogenes Carrasco, Timothy Cavaretta and Cherno Jallow, and the New York Taxi Workers' Alliance, (NYTWA) the organization which represents them. Plaintiffs have alleged in their complaint, *inter alia,* that the defendants, (hereinafter referred to as "Uber") have misclassified them as independent contractors rather than employees, and they have not been paid properly pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). They also allege that Uber has improperly deducted from their pay the New York Sales Tax as well as the surcharge for the Black Car Fund, (BCF) the fund which provides certain benefits to "Black Car Drivers, including Uber drivers.

Plaintiffs, as all Uber Drivers, are provided weekly pay records which show at least the gross fares which Uber charged, with deductions for at least Uber's commission, and then their net pay. Plaintiffs also, prior to the events in this, case were able to go to the Uber website and access their pay records, or email Uber and ask that they be sent their pay records by email.

Because the issues in this case involve alleged violations of the FLSA and the NYLL regarding payment of minimum wages, overtime, and unlawful deductions, plaintiffs' ability to establish violations of the minimum wage, overtime, and unlawful deductions under federal and state law will depend on full discovery of defendant's authentic weekly driver payment statements during the past six years. It is therefore extremely important that defendants maintain and preserve their records as they were originally.

As noted below based on the Affirmation of Jeanne Mirer and the Affidavits of Zubin Soleimany, Bigu Haider, Vijay Shanti, and Timothy Cavaretta, plaintiffs have reason to believe that defendants are altering, and perhaps destroying, the original records in a manner which

could undercut plaintiffs' claims and/or limit their recovery. Plaintiffs, therefore, are seeking a temporary restraining order, ordering Uber to cease and desist from altering, destroying or replacing any original pay records with false records, pending the outcome of the requested hearing on the matter through which plaintiffs will seek the following further equitable relief:

(1) An order to disclose to the Court all alterations/destruction/or replacements made to their pay and other records they have made since the outset of litigation against them in New York City; and

(2) An affirmative order to restore any altered/destroyed/replaced records to their original state so as to allow plaintiffs to prove their claims and the extent of their damages; and

(3) Enter a protective order requiring defendants to preserve all records as required by law, and to not destroy, alter, or replace any record without requesting and receiving prior permission from this Court; and

(4) Any other sanction which the facts support and which the Court deems appropriate.

The facts supporting this requested relief will be intertwined with the legal argument below.

I. **THE DUTY TO PRESERVE RECORDS**

A party is obligated to preserve evidence when it "has notice that the evidence is relevant to litigation ... [or] should have known that the evidence may be relevant to future litigation." *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir.1998) (citations omitted); *accord Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 436 (2d Cir. 2001). Furthermore, as of December 1, 2015 Federal Rule of Civil Procedure 37(e) codified this duty with respect to Electronically Stored Information (ESI). If a Court finds that a party has failed to preserve ESI in anticipation,

or a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

Based on the evidence provided herein, plaintiffs at this time are alleging they are prejudiced in proving their case by the alleged alterations of documents and are seeking orders consistent with attempts to cure the prejudice.

II. **PLAINTIFFS HAVE DISCOVERED EVIDENCE THAT UBER HAS NOT COMPLIED WITH ITS DUTY TO PRESERVE EVIDENCE. UBER HAS MADE CHANGES ON PAY RECORDS WHICH IMPACTS THEIR CLAIMS AND PLAINTIFFS DO NOT KNOW IF UBER HAS DESTROYED THE ORIGINALS.**

The affirmation and affidavits establish that with respect to these named plaintiffs, the defendants removed their records from the website where plaintiffs had previously accessed, (and printed out) their pay records, for a period of time, only to replace them with differently formatted records with different amounts listed for pay and taxes.

Zubin Soleimany, a staff attorney for the NYTWA, has provided an Affidavit in which he demonstrated the differences between pay records he obtained from certain drivers before the beginning of this litigation and documents from the drivers covering the same period but

retrieved after the start of the litigation. Mr. Soleimany states: "In the weeks leading up to the instant litigation I received documents, including driver payment statements from, among others, Bigu Haider and Vijay Shanti." (Soleimany Aff ¶ 1) For example Mr. Soleimany received on May 20, 2016 the pay record for plaintiff Bigu Haider dated May 5, 2014. (Soleimany Aff ¶ 2). This document is attached as Exhibit A to the Soleimany Affidavit. The litigation was started on June 2, 2016. Mr. Soleimany describes both the content of this document and the document covering the same weekly pay period retrieved post-litigation (Exhibit B attached to the Soleimany Affidavit) as well as the differences between the pre-litigation statements from plaintiff Haider, and those in the post litigation statements covering the same period. (See Soleimany Affidavit ¶ 7-10, 16-19 and 21-33).

Mr. Soleimany also compares pre and post litigation records from the same week of 2014 for two of the plaintiffs, Mr. Bigu Haider and Mr. Vijay Shanti. The big difference between these documents is that before litigation the record showed the amount of taxes and Black Car Fund (BCF) Surcharge deducted, while the post litigation records have removed reference to the payment of any taxes or BCF contribution. (Soleimany Aff ¶ 34-40 and Exhibits C, D & E attached to the affidavit)[1]

As plaintiffs' claim that defendants were illegally and improperly deducting taxes and the BCF surcharge from their portion of the fare, the removal of the BCF and tax information on these documents impacts plaintiffs' claims.

Plaintiffs also supply the affidavit of plaintiff Timothy Cavaretta who has also compared some of his pre and post litigation pay records. In his pre litigation records for July 13 and 20 2015 the records make reference to taxes and BCF amounts. The post litigation ones, like the

---

[1] Both Mr. Haider and Mr. Shanti have provided affidavits attesting to their efforts to retrieve the documents referred to in Mr. Soleimany's affidavit.

6

records for Haider and Shanti have removed all references to taxes and BCF. (Cavaretta Affidavit ¶ 5-20 and Exhibits F through I attached to his affidavit). Plaintiff Cavaretta also downloaded pay records for the period ending September 21, 2015 pre-and post-litigation. While these documents both have reference to the taxes and BCF deductions, the amounts of his gross fares are different. (Cavaretta Affidavit ¶ 26-32 and Exhibits J & K attached to his affidavit). All of the plaintiffs allege they are prejudiced in their claims by the alteration of these documents.

### III. PLAINTIFFS ARE SEEKING INJUNCTIVE RELIEF CONSISTENT WITH THE COURT'S INHERENT POWER TO REMEDY ABUSE OF JUDICIAL PROCESS WITH RESPECT TO THE PRESERVATION OF PAY RECORDS IN THIS CASE.

As noted above, plaintiffs have brought forward examples of pre-and post-litigation pay records from the same dates for the same persons which contain different information. While the differences may not be great, they show a pattern of changes which impact various plaintiffs' claims. Plaintiffs cannot think of a reason why records for the same persons on the same days would contain different information, other than if they were altered by defendants, and there is no way to know how much they have changed or whether the original information can be restored absent Court intervention as requested herein.

As noted in *Conklin v Specialist LLC*, 2016 WL 6884919 (S.D.N.Y Nov. 22, 2016): "In the past, courts faced with motions to preserve certain discovery items have applied a balancing test which considers the following three factors: 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not

7

only as to the evidence's original form, condition, or contents, but also the physical, spatial[,] and financial burdens created by ordering evidence preservation." See, *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370 (S.D.N.Y. 2006) (quoting *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004))."

In this way the Courts when considering orders like the ones requested here, have not required the plaintiffs to show likelihood of success on the merits of the litigation in order to obtain orders against spoliation of evidence. In *Treppel supra* the court stated: "there is no reason "to consider whether plaintiff is likely to be successful on the merits of its case in deciding whether to protect records from destruction . . . . Such an approach would be decidedly to put the cart before the horse. See also, *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, *supra* ("proof of a probability of success in litigation is not an appropriate consideration in the determination whether to order whether to order preservation of documents"); *Cunningham v Bower,* 1989 WL 35993 (D. Kansas March 21, 1989), at *1 ("[The] first element of a preliminary injunction is actually irrelevant for purposes of the motion [for a preservation order]. The issue in [this motion] is independent of the issues involved in the lawsuit[.]"). Likewise, it is difficult to evaluate the injury that might be caused by the destruction of evidence without yet knowing the content of that evidence."

Plaintiffs now apply this test to the situation in their case.

### A. The Court's Concern for the Maintenance and Integrity of the Evidence.

In *Cat3, LLC v Black Lineage Inc.,* 164 F. Supp.3d 488,498 (S.D.N.Y. 2016) in the context of ruling on a motion for sanctions, where alterations in documents requested by the defendants had a big impact on the case, the Court stated; "A party's falsification of evidence and attempted destruction of authentic, competing information threatens the integrity of judicial

8

proceedings even if the authentic evidence is not successfully deleted. See *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 462 (4th Cir.1993) ("[W]hen a party ... abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action"); accord *Kalwasinski v. Ryan,* No. 96–CV–6475, 2007 WL 2743434, at *2 (W.D.N.Y. Sept. 17, 2007).

Plaintiffs are not seeking a default or other dispositive relief, but they do believe that the Court must be concerned with the fact that plaintiffs have uncovered alterations in key pay records. These alterations clearly affect the integrity of the judicial process, showing that in the absence of a cease and desist order, and the other relief plaintiffs have requested there is no way for the plaintiffs to know if the records they eventually obtain in discovery will be accurate.

### B. Irreparable Harm Is Likely to Result Without the Requested Orders

In *Conklin v Specialist, supra* the Court refused to allow the destruction of a vessel called the "Specialist" which was involved in multiple claims due to an accident. One of the defendants petitioned to preserve the vessel to allow defendant's experts to examine it as part of its efforts to determine the viability of claims against it. The Court agreed with defendant that the degree of harm tipped in favor of preservation given that "without knowledge of its potential claims or defenses, it is difficult to assess what "may become an issue" in this Action and others before the Court, *id.* (internal quotation marks omitted), and the likely benefit of any future discovery related to the Specialist." In that case the Court found irreparable harm weighing in favor of preservation given the difficulty of assessing the party's ability to defend the case. Similarly, here, without the Court determining what defendants are doing to alter its pay records and ordering defendants to cease and desist from further alterations as well as the other relief requested at the outset of this memorandum, plaintiffs will not be able to know the full extent of

their total pay or the deductions for taxes, or the like. Just as in *Conklin supra* the defendant was not required to show ahead of time the specific benefit it would get from preserving the vessel in order to tip the scales in favor of finding irreparable harm, so plaintiffs allege their exposing the spoliation of documents tips the balance in favor of plaintiffs showing irreparable harm.

### C. The Capability of Defendants to Preserve these Records

The Uber defendants are the ones in possession of records which they maintain. Litigation against Uber for similar claims made herein have been going on for years. Plaintiffs' case in New York was filed over six months ago. Given the duty to preserve records and plaintiffs belief that defendants would want to preserve these records for their own purposes, there defendant is clearly capable of maintaining its own records and there is no reason why defendants would need to alter or destroy the records of drivers in New York City.

### CONCLUSION

Based on the foregoing, plaintiffs request:

(1) A temporary restraining order issued by this Court ordering defendants to cease and desist from altering, destroying or replacing any original pay or other records with other false records;

And after holding a hearing on the instant motion, plaintiffs request the following equitable relief:

(2) An order for defendants to disclose to the Court all alterations/destruction/or replacements made to plaintiffs' pay and other records that defendants have made since the outset of litigation against them in New York City; and

(3) An affirmative order to restore any altered/destroyed/replaced records to their original state so as to allow plaintiffs to prove their claims and the extent of their damages; and

(4) Enter a protective order requiring defendants to preserve all records as required by law, and to not destroy, alter, or replace any record without requesting and receiving prior permission from this Court; and

(5) Any other sanction which the facts support and which the Court deems appropriate.

Respectfully submitted,

Jeanne Mirer, Esq.
*Attorney for Plaintiffs*
Mirer Mazzocchi Schalet
Julien & Chickedantz, PLLC
150 Broadway, 12th Floor
New York, NY 10038