UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK TAXI WORKERS ALLIANCE, BIGU HAIDER, VIJAY SHANTI, INDERJEET PARMAR, DIOGENES CARRASCO, TIMOTHY CAVARETTA, and CHERNO JALLOW, Individually, on Behalf of All Others Similarly Situated, and as Class Representatives, | Civil Action No.: 16-cv-04098 (AKH) |
| Plaintiffs, | |
| -against- | |
| UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LCC, GARRET CAMP, ANDREW CHAPIN, DANACH-NY, LLC, DREIST-NY, LLC, DREIZEHN-NY, LLC, DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY, LLC, EINUNDZWANZIG-NY, LLC, FUNF-NY, LLC, FUNFZEHN-NY, LLC, GRUN, LLC, J. WILLIAM GURLEY, HINTER, LLC, TRAVIS KALANICK, JOSH MOHRER, NEUN-NY, LLC, NEUNZEHN-NY, LLC, SCHMECKEN, LLC, SECHS-NY, LLC, SIEBEN-NY, LLC, SIEBZEHN-NY, LLC, UNTER, LLC, VIER-NY, LLC, VIERZEHN-NY, LLC, WEITER, LLC, ZEHN-NY, ZWANZIG-NY, LLC, ZWEI-NY, LLC, ZWOLF-NY, LLC, jointly and severally, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF / PROTECTIVE ORDER**

By:  Andrew M. Spurchise
Kevin R. Vozzo
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
Tel:  212.583.9600
*Attorneys for Defendants*

I.  **PRELIMINARY STATEMENT**

In August 2013, the first nationwide class action was filed regarding the independent contractor classification of drivers who use Uber Technologies, Inc.'s smartphone application. *See O'Connor v. Uber Technologies, Inc.*, Case No. 3:13-03826-EMC (Dkt. #1). Since that time, in order to ensure compliance with its obligation to preserve potentially relevant evidence, Uber has retained and preserved *all* driver and rider payment data as a matter of company policy. ***In other words, none of the data subject to Plaintiffs' motion has been destroyed or altered.*** Plaintiffs' motion is therefore completely unfounded, and could have been avoided entirely had Plaintiffs' counsel approached defense counsel about the issue described in their motion before seeking this Court's involvement.

As described in the Declaration of Michael Colman filed herewith, although the payment records Plaintiffs recently retrieved through the Uber application are inaccurate in some respects, the errors were caused by (i) technical problems associated with Uber's transition to a new database used to store driver payment data, and (ii) a temporary, nationwide bug in Uber's system, which has since been corrected. Neither of these issues has resulted in alteration or destruction of the underlying data in Uber's possession. On the contrary, all of the data continues to exist on Uber's database, and is stored in an accessible format.

On December 30, Uber relayed this information (and supporting evidence) to Plaintiffs' counsel, and requested that Plaintiffs agree to adjourn the January 3 show cause hearing, but Plaintiffs did not respond to Uber's request.

Therefore, for the foregoing reasons and those set forth below, Plaintiffs' motion – which amounts to nothing more than an unnecessary and inappropriate attempt to taint the Court's view of Defendants – should be denied in its entirety.

**II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On December 28, 2016 – without first meeting and conferring with defense counsel in accordance with Rule 2(E) of the Hon. Alvin K. Hellerstein's Individual Rules – Plaintiffs filed the instant motion, alleging that Uber may have destroyed and/or altered payment records relevant to Plaintiffs' claims. (Dkt. #31.) However, as a matter of company policy, and dating back to at least August 2013 when the *O'Connor* action (the first nationwide lawsuit against Uber related to the classification of drivers) was filed, Uber retains and preserves *all* driver payment data related to drivers' use of the Uber application (the "app"). (Declaration of Michael Colman in Support of Defendants' Opposition to Plaintiffs' Motion for Injunctive Relief / Protective Order ["Colman Decl."], ¶ 4.) Uber also retains and preserves *all* data related to the various fees imposed on riders and drivers and/or paid by Uber related to trips completed using the Uber app, including Black Car Fund contributions and sales tax. (*Id*.)

Nevertheless, upon receiving Plaintiffs' motion, Uber immediately investigated Plaintiffs' accusations. Uber's investigation revealed that although the payment records Plaintiffs recently retrieved through the app are inaccurate in some respects, the errors were caused by (i) technical problems associated with Uber's transition to a new database used to store driver payment data, and (ii) a temporary, nationwide bug in Uber's system. (Colman Decl., ¶ 5.) Uber's investigation further revealed that, consistent with company policy regarding the retention and preservation of payment data, all of the data subject to Plaintiffs' motion remained intact and accessible by Uber.[1]

---

[1] After receiving confirmation from Uber that no data had been lost, destroyed, or altered, defense counsel relayed this information to Plaintiffs' counsel. Defense counsel also provided Plaintiffs with a copy of the Declaration of Michael Colman and the exhibits thereto, and requested that Plaintiffs agree to adjourn the January 3 show cause hearing. Plaintiffs never responded to Uber's request.

### A.    Discrepancies between Plaintiffs' Exhibits A and B

On May 6, 2014, Uber implemented a new database to store driver payment data. (Colman Decl., ¶ 6.) Sometime after May 2016, Uber began sourcing all payment data exclusively through the new database. (*Id.*) Uber's investigation revealed that the two databases were not fully synchronized, resulting in errors with respect to the way in which pre-May 6, 2014 payment data appears to drivers when accessed through the app. (*Id.*)

Uber's investigation also confirmed that Exhibit B to the Soleimany Affidavit (i.e., Plaintiff Haider's May 5, 2014 Driver Payment Statement, allegedly retrieved after this case was initiated) contains errors and differs from Exhibit A (i.e., Plaintiff Haider's May 5, 2014 Driver Payment Statement, allegedly retrieved prior to when this case was initiated) because Exhibit A was generated using Uber's prior payment data storage database, whereas Exhibit B was generated through the new database, but with some reliance on data from the prior database. (Colman Decl., ¶ 6.) However, as stated above, the original data has not been altered or destroyed. It remains intact and accessible by Uber. (*Id.*, Exh. 1.)

### B.    Discrepancies between Plaintiffs' Exhibits C and D

Uber's investigation also revealed that the purported discrepancies between Exhibit C (i.e., Plaintiff Haider's Weekly Statement for the week ending March 31, 2014, allegedly retrieved after this case was initiated) and Exhibit D (i.e., Plaintiff Shanti's Weekly Statement for the week ending March 31, 2014, allegedly retrieved prior to when this case was initiated) to the Soleimany Affidavit are also not the result of the destruction or alteration of any data. (Colman Decl., ¶ 7.) Although Plaintiffs' Exhibit C (which appears to contain inaccurate data) does not contain data related to Black Car Fund surcharges and sales tax deductions, the purportedly missing data is intact and continues to exist on Uber's database. (*Id.*)

### C. Discrepancies between Plaintiffs' Exhibits F and H, Exhibits G and I, and Exhibits J and K

Uber's investigation further revealed that the discrepancies between (i) Exhibits F and H (i.e., Plaintiff Cavaretta's July 13, 2015 Driver Payment Statements, allegedly retrieved in July 2015 and on December 23, 2016, respectively), (ii) Exhibits G and I (i.e., Plaintiff Cavaretta's July 20, 2015 Driver Payment Statements, allegedly retrieved in July 2015 and on December 23, 2016, respectively), and (iii) Exhibits J and K (i.e., Plaintiff Cavaretta's September 21, 2015 Driver Payment Statements, allegedly retrieved on January 9, 2016 and December 23, 2016, respectively) to the Soleimany Affidavit were caused by a temporary, nationwide bug in Uber's system, which affected the way payment data appeared to drivers when accessed through the app. (Colman Decl., ¶¶ 5, 8.)

More specifically, Uber's investigation revealed that the bug caused certain pieces of driver payment data (e.g., toll data, surcharge data, etc.) to be presented inaccurately through the app. (Colman Decl., ¶ 8.) Prior to receiving Plaintiffs' motion, Uber was not aware of this issue, but investigated it upon receiving and reviewing Plaintiffs' motion. (*Id*.) The bug was fixed on December 29, 2016, and Driver Payment Statements retrieved via the app are once more fully accurate. (*Id*.) More importantly, as stated above, the underlying data has not been altered or destroyed. (*Id*., Exhs. 2-7.)

### III. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE RECORD DEMONSTRATES THAT NO EVIDENCE HAS BEEN LOST, DESTROYED, OR ALTERED

Fed. R. Civ. P. 37(e), which governs the preservation of electronically stored information ("ESI") provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from

loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:  (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

Before a court is empowered to impose any of the measures available under subsections (e)(1) or (e)(2), however, it must first determine that: (i) ESI which "should have been preserved" has been "lost;" (ii) after a duty to preserve attached; (iii) because a party failed to take "reasonable steps" to preserve; and (iv) it cannot be restored or replaced through additional discovery.  *See, e.g., Konica Minolta Business Solutions v. Lowery Corp*, 2016 WL 4537847, at *2 (E.D. Mich. Aug. 31, 2016); *see also* Fed. R. Civ. P. 37 Committee Notes on Rules—2015 Amendment ("The new rule applies only to electronically stored information, also the focus of the 2006 rule. It applies only when such information is lost.").

In this case, **none** of the data subject to Plaintiffs' motion has been lost, destroyed, or altered.  Accordingly, the Court need not even analyze the remaining Rule 37(e) factors.  As explained in the Declaration of Michael Colman, and as shown in the exhibits attached thereto, all of the data continues to exist on Uber's database, and is stored in an accessible format.  Indeed, as stated above, Uber retains and preserves *all* driver payment data related to drivers' use of the app, as well as *all* data related to the various fees imposed on riders and drivers and/or paid by Uber related to trips completed using the Uber app, including Black Car Fund contributions and sales tax.  This precludes a finding of spoliation, and moots all of Plaintiffs' requests for relief.  Plaintiffs' motion should therefore be denied in its entirety.

## IV.   CONCLUSION

For all of the foregoing reasons, Uber respectfully requests that the Court deny Plaintiffs' motion in its entirety.

6

Respectfully submitted,

Date: January 3, 2017
New York, New York

/s/ *Andrew M. Spurchise*
Andrew M. Spurchise
Kevin R. Vozzo
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Attorneys for Defendants

Firmwide:144730624.1 073208.1232