UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIGU HAIDER, VIJAY SHANTI, INDERJEET PARMAR, DIOGENES CARRASCO, TIMOTHY CAVARETTA, CHERNO JALLOW, Individually, on Behalf of All Others Similarly Situated, and as Class Representatives,

        Plaintiffs,

        -against-

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LLC, GARRET CAMP, ANDREW CHAPIN, DANACH-NY, LLC, DREIST-NY, LLC, DREIZEHN-NY, LLC, DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY, LLC, EINUNDZWANZIG-NY, LLC, FUNF-NY, LLC, FUNFZEHN-NY, LLC, GRUN, LLC, J. WILLIAM GURLEY, HINTER, LLC, TRAVIS KALANICK, JOSH MOHRER, NEUN-NY, LLC, NEUNZEHN-NY, LLC, SCHMECKEN, LLC, SECHS-NY, LLC, SECHZEHN-NY, LLC, SIEBEN-NY, LLC, SIEBZEHN-NY, LLC, UNTER, LLC, VIER-NY, LLC, VIERZEHN-NY, LLC, WEITER, LLC, ZEHN-NY, ZWANZIG-NY, LLC, ZWEI-NY, LLC, ZWOLF-NY, LLC, jointly and severally,

        Defendants.

Civil Action No.: 16-cv-04098 (AKH)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

By:   David M. Wirtz
Andrew M. Spurchise
Kevin R. Vozzo
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
Tel: 212.583.9600
*Attorneys for Defendants*

# TABLE OF CONTENTS

**PAGE**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................... 3

    A.    Plaintiffs' initial Complaint ............................................ 3

    B.    Plaintiffs' Amended Complaint ...................................... 4

    C.    Plaintiffs' Second Amended Complaint ............................. 4

    D.    The earlier-filed *Mumin* and *Ortega* Actions......................... 5

III.    ARGUMENT ................................................................. 6

    A.    Plaintiffs' NYLL claims for unpaid minimum wage, overtime, unlawful deductions, notice and record-keeping violations, and spread-of-hours pay (Counts 3, 4, 6, 8, 9, 10) should be dismissed pursuant to the First-Filed Rule ................................................................. 6

    B.    Plaintiffs' claim for "illegal kickbacks" (Count 7) fails because Uber's Service Fee does not qualify as a kickback ............................. 9

    C.    Plaintiffs' unjust enrichment claim (Count 12) is barred by the existence of a contract ................................................................. 10

    D.    Plaintiffs' claim for breach of the covenant of good faith and fair dealing (Count 13) fails because it is duplicative of their breach of contract claim ........ 11

    E.    Plaintiff Haider, Carrasco, Shanti, Parmar, and Cavaretta's claim for spread-of-hours pay (Count 10) fails because Plaintiffs do not allege they ever worked more than ten hours in a single day................................ 13

    F.    Plaintiffs should not be permitted to proceed with their promissory estoppel claim (Count 14) on a class basis, and their class allegations should be stricken ............................................... 14

    G.    Absent allegations of bad faith or fraud on the part of the Individual Defendants, or allegations that the Individual Defendants are personally bound by the agreements that were allegedly breached, Plaintiffs' contract and quasi-contract claims (Counts 11-14) against them should be dismissed................................................................. 16

IV.    CONCLUSION ................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Almanzar v. Townhouse Mgmt. Co., Inc.*,
  2015 N.Y. Misc. LEXIS 4625 (N.Y. Sup. Ct. Nov. 13, 2015) ................................................14

*Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*,
  70 A.D.3d 423, 894 N.Y.S.2d 47 (1st Dep't 2010) ................................................12

*Anthem, Inc. v. Express Scripts, Inc.*,
  2017 U.S. Dist. LEXIS 43281 (S.D.N.Y. Mar. 23, 2017) ......................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................13

*Auto. Leasing Corp. v. Mahindra & Mahindra, Ltd.*,
  2014 U.S. Dist. LEXIS 33224 (N.D. Ga. Mar. 14, 2014) ......................................15

*Azeez v. Ramaiah*,
  2015 U.S. Dist. LEXIS 46574 (S.D.N.Y. Apr. 9, 2015) ......................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................13

*Butcher v. Delta Mem'l Hosp.*,
  2013 U.S. Dist. LEXIS 54964 (E.D. Ark. Apr. 17, 2013) ......................................16

*Castillo v. Taco Bell of America, LLC*,
  960 F. Supp. 2d 401 (E.D.N.Y. 2013) ................................................7

*Comedy Partners v. Street Players Holding Corp.*,
  34 F. Supp. 2d 194 (S.D.N.Y. 1999) ................................................7

*DeJesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013) ................................................13

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
  370 F. Supp. 2d 686 (E.D. Tenn. 2005) ................................................9

*Golden Triangle Co. v. Fonar Corp.*,
  2011 U.S. Dist. LEXIS 94224 (E.D.N.Y. Aug. 15, 2011) ......................................17

*Hinckley v. Seagate Hospitality Grp., LLC*,
  2016 U.S. Dist. LEXIS 152799 (W.D.N.Y. Nov. 3, 2016) ......................................14

*Integrated Const. Enter., Inc. v. GN Erectors, Inc.*,
   2016 U.S. Dist. LEXIS 170081 (S.D.N.Y. Dec. 8, 2016) ......................................12

*Karmilowicz v. Hartford Fin. Serv. Grp.*,
   494 Fed. Appx. 153 (2d Cir. Aug. 30, 2012) ...........................................................11

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013).......................................................................................13

*Moss v. Crestpark Dewitt, LLC*,
   2014 U.S. Dist. LEXIS 4615 (E.D. Ark. Jan. 14, 2014) .........................................15

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
   723 F.3d 192 (2d Cir. 2013).......................................................................................13

*Oleg Cassini, Inc. v. Serta, Inc.*,
   2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012) .........................................6

*Park v. FDM Group (Holdings) PLC*,
   2017 U.S. Dist. LEXIS 33945 (S.D.N.Y. March 9, 2017) .........................................9

*Pot Luck, LLC v. Freeman*,
   2010 U.S. Dist. LEXIS 23473 (S.D.N.Y. Mar. 8, 2010) .........................................17

*Rapay v. Chernov*,
   2017 U.S. Dist. LEXIS 31401 (S.D.N.Y. Mar. 6, 2017) .........................................17

*Rella v. N. Atl. Marine, Ltd.*,
   2004 U.S. Dist. LEXIS 11567 (S.D.N.Y. June 21, 2004) ........................................16

*Roberts v. Capital One, N.A.*,
   2017 U.S. Dist. LEXIS 68369 (S.D.N.Y. May 4, 2017) ..........................................10

*Shostack v. Diller*,
   2016 U.S. Dist. LEXIS 30354 (S.D.N.Y. Mar. 8, 2016) .........................................16

*Spotless Enter. Inc. v. The Accessory Corp.*,
   415 F. Supp. 2d 203 (E.D.N.Y. 2006) .........................................................................7

*Spread Enters. v. First Data Merch. Serv. Corp.*,
   2012 U.S. Dist. LEXIS 119080 (E.D.N.Y. Aug. 22, 2012)......................................10

*Walney v. Swepi LP*,
   2015 U.S. Dist. LEXIS 122119 (W.D. Pa. Sept. 14, 2015)......................................15

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
   899 F. Supp. 2d 235 (E.D.N.Y. 2012) .........................................................................7

**Statutes**

NYLL § 193 ...........................................................................................................................10

**Other Authorities**

29 C.F.R. § 531.35 .................................................................................................................9

Fed. R. Civ. P. 12(b)(6) ....................................................................................................6, 13

Fed. R. Civ. P. 12(f) .............................................................................................................16

## I.     PRELIMINARY STATEMENT

Plaintiffs Bigu Haider, Vijay Shanti, Inderjeet Parmar, Diogenes Carrasco, Timothy Cavaretta, and Cherno Jallow (collectively, "Plaintiffs") continue to overreach in their suit against Defendants.[1]  Rather than simply address the deficiencies that plagued prior iterations of their Complaint, Plaintiffs elected to add several new causes of action in their Second Amended Complaint ("SAC").  All of these claims are fatally flawed, and should be dismissed.

First, Plaintiffs added causes of action under the New York Labor Law ("NYLL") that overlap with claims and allegations asserted on behalf of overlapping putative classes in two cases filed against Uber Technologies, Inc. (one of which was also brought against Uber USA, LLC) long-before this action was ever initiated.  These new claims – and any others that overlap with claims and allegations asserted in the earlier-filed actions – should be dismissed pursuant to the "First-Filed Rule."

Plaintiffs also added a claim for "illegal kickbacks" under the Fair Labor Standards Act ("FLSA"), premised upon the theory that the portion of the fare drivers pay to Uber ("Service Fee") for the use of Uber's software application (the "Uber App") constitutes an illegal kickback

---

[1] The term "Defendants" collectively refers to each of the named defendants in this action.  For purposes of this Motion, "Uber" refers to Defendants Uber Technologies, Inc., Uber Logistik, LLC, Uber USA, LLC, Acht-NY, LLC, Achtzehn-NY, LLC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig-NY, LLC, Funf-NY, LLC, Funfzehn-NY LLC, Grun, LLC, Hinter, LLC, Neun-NY, LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sechzehn-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC, Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-NY LLC, Zwei-NY, LLC, and Zwolf-NY, LLC.  The term "Individual Defendants" refers to Defendants Kalanick, Gurley, Camp, Mohrer, and Chapin.

This Motion is brought on behalf of *all* Defendants.  The Court previously denied Defendants Camp and Gurley's motion to dismiss for lack of personal jurisdiction, finding that Plaintiffs' allegations were sufficient to establish personal jurisdiction at the pleading stage.  (Dkt. #41; Defendants' Request for Judicial Notice in Support of Partial Motion to Dismiss ("RJN"), Exh. A, April 4, 2017 Transcript of Oral Argument ("April 4 Tr."), pp. 37-38.)  Accordingly, although Camp and Gurley maintain they are not subject to personal jurisdiction in New York, and reserve their right to challenge jurisdiction later in this action, they do not rehash their arguments here.

from their "wages."  This claim fails because Uber's Service Fee is part of a contractually agreed-upon payment arrangement between the parties that could not reasonably be construed as a kickback under federal law, even if Plaintiffs were found to be "employees" under the FLSA.

In addition, Plaintiffs now assert a cause of action for unjust enrichment, wholly ignoring that this claim is barred by their admission that the subject matter of their allegations is governed by written contracts.  Further, Plaintiffs' new cause of action for breach of the covenant of good-faith and fair dealing is duplicative of at least one aspect of their breach of contract claim, and as such, should be dismissed.

The SAC's defects do not end there.  As currently pled, ***all*** Plaintiffs named in the SAC seek to pursue a newly-added claim for spread-of-hours pay under the NYLL, yet only Plaintiff Jallow alleges that he has ***ever*** worked more than ten hours in a single day.  Accordingly, to the extent Plaintiffs' claim for spread-of-hours pay is not dismissed in its entirety pursuant to the First-Filed Rule, Plaintiff Haider, Carrasco, Shanti, Parmar, and Cavaretta's spread-of-hours claims should be dismissed.

In addition, rather than heed this Court's admonitions regarding the inherently individualized nature of a promissory estoppel claim, Plaintiffs have now doubled-down on their efforts to pursue this claim on a class basis by including additional, conclusory allegations in the SAC.  What remains true is that the individualized nature of their claim precludes them from adjudicating it on a class basis, and, consequently, their class allegations should be stricken.

Lastly, Plaintiffs' contract and quasi-contract claims against the Individual Defendants (some of which are, again, newly added to the SAC) fail because Plaintiffs do not allege that the Individual Defendants *personally* acted with bad faith or intent to defraud, and because they fail to allege that the Individual Defendants are bound by, or personally assumed any obligations

under, the agreements that were allegedly breached.

For these reasons, and as more fully set forth below, Defendants respectfully request that the Court: (i) dismiss Plaintiffs' NYLL claims for unpaid minimum wage, overtime, unlawful deductions, notice and record-keeping violations, and spread-of-hours pay, pursuant to the First-Filed Rule, (ii) dismiss Plaintiffs' claims for illegal kickbacks, unjust enrichment, and breach of the covenant of good-faith and fair dealing, in their entirety, (iii) dismiss Plaintiff Haider, Carrasco, Shanti, Parmar, and Cavaretta's claims for spread-of-hours pay, to the extent this claim is not dismissed in its entirety pursuant to the First-Filed Rule, (iv) preclude Plaintiffs from pursuing their promissory estoppel claim on a class basis, and strike their class allegations, and (v) dismiss Plaintiffs' contract and quasi-contract claims against the Individual Defendants.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiffs' initial Complaint

On June 2, 2016, Plaintiffs filed the initial Complaint in this matter.  (Dkt. #1.)  They were joined by several other individuals and the New York Taxi Workers Alliance ("NYTWA"). Defendants moved to dismiss the initial Complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) on August 30, 2016.  (Dkt. #13, 14.)   Among other things, Defendants argued that NYTWA lacked standing to pursue the relief requested in the Complaint on its own behalf and on behalf of its members, and that Plaintiffs failed to state a claim for minimum wage, overtime, or tools of the trade reimbursement violations.  (*Id*.)  Defendants also argued that Plaintiffs failed to state a claim against any of the Individual Defendants.  A few weeks later, in response to Defendants' motion, Plaintiffs Haider, Shanti, Parmar, Carrasco, Cavaretta, Jallow and NYTWA filed the Amended Complaint.[2]  (Dkt. #17.)

---

[2] Plaintiffs Diallo, Kaler, Khatra, and Hossain, who Defendants argued were bound to arbitrate their claims on an individual basis (*see* Dkt. #18), withdrew their claims without prejudice on

### B.    Plaintiffs' Amended Complaint

Plaintiffs' Amended Complaint asserted causes of action for (i) minimum wage and overtime violations under the FLSA, (ii) minimum wage and overtime violations under the NYLL, (iii) reimbursement for "tools of the trade," (iv) unlawful deductions under the NYLL, (v) breach of contract, and (vi) promissory estoppel.  (Dkt. #17, ¶¶ 425-456.)  Defendants filed a partial motion to dismiss the Amended Complaint, arguing that NYTWA lacked standing, and that certain Plaintiffs failed to state a claim for minimum wage or tools of the trade reimbursement violations, or a claim for promissory estoppel.  (Dkt. #25, 26.)

The Court ultimately dismissed NYTWA from the case.  It also dismissed Plaintiff Haider, Carrasco, Cavaretta, and Jallow's minimum wage and tools of the trade reimbursement claims, with leave to amend.  (Dkt. #41.)  Although the Court denied Defendants' motion to dismiss Plaintiff Haider's promissory estoppel claim, it noted during oral argument on Defendants' motion that promissory estoppel claims are particularly unsuitable for class treatment.  Specifically, the Court stated: "*[o]ral promises that create a promissory estoppel are not good seeds for class status*."  (RJN Exh. A, April 4 Tr., 40:6-9) (emphasis supplied.)

### C.    Plaintiffs' Second Amended Complaint

Plaintiffs filed the SAC on May 12, 2017.  (Dkt. #44.)  In the SAC, Plaintiffs assert the same claims that were averred in the Amended Complaint, but also assert several new causes of action.  Specifically, in the SAC, Plaintiffs assert unpaid minimum wage, overtime, "tools of the trade" reimbursement, and "illegal kickback" claims under the FLSA, as well as claims for unpaid minimum wage, overtime, unlawful deductions, notice and record-keeping violations, and

---

September 20, 2016.  (Dkt. #16, 18.)  On October 24, 2016, they, along with NYTWA, re-filed a nearly identical suit against Defendants in the Southern District of New York, which was subsequently, again, dismissed without prejudice.  *See New York Taxi Workers Alliance v. Uber Techs., Inc.*, Case No. 1:16-cv-08299 (S.D.N.Y.).

spread-of-hour pay under the NYLL.  (SAC, ¶¶ 535-572.)  All of these claims are premised upon the allegation that Plaintiffs, and the class of drivers they seek to represent, were misclassified as independent contractors, rather than employees.  (*Id*., ¶¶ 2-7, 492-493, 500-507, 513.)

Plaintiffs also assert breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and promissory estoppel claims.  (*Id*., ¶¶ 573-588.)  With the exception of their promissory estoppel claim, their common law claims are all premised, at least in part, upon the theory that Uber's "Upfront Pricing" feature unlawfully deprived drivers of their share of the "upfront" fares quoted and charged to riders, which were allegedly higher than the fares Uber reported to drivers for those trips.  (*Id*., ¶¶ 414-423; 574-584.)

Plaintiffs seek to pursue their claims on their own behalf, and on behalf of all allegedly similarly situated drivers who have: (i) used the Uber App in New York since May 2011, and (ii) opted-out of arbitration.  (*Id*., ¶¶ 492, 513.)

### D.    The earlier-filed *Mumin* and *Ortega* Actions

*Mumin v. Uber Techs., Inc.*, Case No. 1:2015-cv-06143 (NGG) (JO) (the "*Mumin* Action") was initially filed in the Supreme Court of the State of New York, Kings County, in or around September 2015, nearly nine months before the commencement of this case.  The *Mumin* Action was then removed to the Eastern District of New York on October 26, 2015.  (RJN Exh. B, *Mumin* Dkt. #1.)  In the operative Third Amended Complaint in that case, filed on March 18, 2016, Plaintiff Mumin alleges that Uber Technologies, Inc. misclassified him, and a class of allegedly similarly situated drivers who have used the Uber App in New York since 2011, as independent contractors.[3]  (RJN Exh. C, *Mumin* Dkt. #22.)  Although several of Plaintiff

---

[3]  Plaintiff Victor Mallh was also named as a plaintiff in the *Mumin* Action, but Uber Technologies, Inc. and Rasier, LLC successfully moved to compel him to arbitrate his claims on an individual basis.  (RJN Exh. D, *Mumin* Dkt. #53.)

Mumin's claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6), his claim on behalf of the putative class for minimum wage violations under the NYLL survived the pleading stage.  (RJN Exh. D, *Mumin* Dkt. #53.)

*Ortega v. Uber Techs., Inc.*, Case No. 1:15-cv-07387 (NGG) (JO) (the "*Ortega* Action") was also initially filed by Plaintiffs Jose Ortega and Joce Martinez in the Supreme Court of the State of New York, Kings County, on or around October 1, 2015.  The case was subsequently dismissed, and then refiled in the Eastern District of New York on December 29, 2015.  (RJN Exh. E, *Ortega* Dkt. #1.)  In the operative First Amended Complaint, filed on April 25, 2016, Plaintiff Ortega[4] alleges that Defendants Uber Technologies, Inc. and Uber USA, LLC misclassified him, and other allegedly similarly situated drivers in New York, as independent contractors.  (RJN Exh. F, *Ortega* Dkt. #16.)  As in the *Mumin* Action, several of Plaintiff Ortega's claims were recently dismissed pursuant to Rule 12(b)(6).  (RJN Exh. G, *Ortega* Dkt. #42.)  However, some of his claims, including his putative class claims for unpaid overtime, unlawful deductions, and certain record-keeping violations under the NYLL, survived the pleading stage.  (*Id.*)

## III.   ARGUMENT

### A.   Plaintiffs' NYLL claims for unpaid minimum wage, overtime, unlawful deductions, notice and record-keeping violations, and spread-of-hours pay (Counts 3, 4, 6, 8, 9, 10) should be dismissed pursuant to the First-Filed Rule

Under the "First-Filed Rule," when a competing lawsuit overlaps with an earlier-filed action, the first suit is given priority, and the latter suit should be dismissed.  *See Oleg Cassini, Inc. v. Serta, Inc.*, 2012 U.S. Dist. LEXIS 33875, at *7 (S.D.N.Y. Mar. 13, 2012) ("Under the first-filed doctrine, when competing lawsuits have been filed in different courts relating to the

---

[4] Plaintiff Martinez was ordered to arbitrate his claims on an individual basis.  (RJN Exh. G, *Ortega* Dkt. #42.)

same controversy, ordinarily, 'the first suit should have priority,' and the later-filed suit should be dismissed."); *Castillo v. Taco Bell of America, LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) ("Dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits"); *Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 196 (S.D.N.Y. 1999) ("Under the first-filed rule, when two district courts concurrently have before them actions involving the same parties and issues, there is 'a strong presumption in favor of the forum of the first-filed suit.'")

"Importantly, the rule does not require *identical* parties in both cases, but merely requires 'substantial overlap.'" *Spotless Enter. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 206 (E.D.N.Y. 2006); *see also Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) ("considering the similar positions held by the plaintiffs in each of these matters and the opt-in nature of a collective class, the Court concludes that plaintiffs in this action are similar enough to those in [the earlier actions] to warrant application of the 'first-filed' rule").

In this case, Plaintiffs assert several claims under the NYLL that overlap with claims asserted in separate matters pending in the Eastern District of New York against Uber Technologies, Inc. (and in one case, against Uber USA, LLC, as well), on behalf of overlapping putative New York classes.  In addition, the claims in those cases are based upon the same underlying theory (*i.e.*, independent contractor misclassification) that Plaintiffs assert here.

In the *Mumin* Action, Plaintiff Mumin asserts a claim for unpaid minimum wage against Uber Technologies, Inc., on behalf of himself and a class of allegedly similarly situated drivers who have used the Uber App in New York since 2011, and who he claims were allegedly

misclassified as independent contractors. (*Mumin* Dkt. #22, ¶¶ 4, 41, 50; Dkt. #53.) The *Mumin* Action was filed in state court in September 2015, and removed to the Eastern District of New York on October 26, 2015. (*Mumin* Dkt. #1.) In the *Ortega* Action, originally filed in federal court on December 29, 2015, Plaintiff Ortega asserts claims for unpaid overtime, unlawful deductions, and certain record-keeping violations under the NYLL against Uber Technologies, Inc. and Uber USA, LLC, on behalf of himself and other allegedly similarly situated drivers in New York who he claims were allegedly misclassified as independent contractors.[5] (*Ortega* Dkt. #16, ¶¶ 3, 57, 87, 106-110; Dkt. #42.)

Plaintiffs in this case, which was initiated on June 2, 2016, likewise seek to pursue claims for minimum wage, overtime, unlawful deductions, and notice and record-keeping violations under the NYLL, as well as a claim for spread-of-hours pay under the NYLL, all of which are also based on the central allegation that putative class members were misclassified as independent contractors. (SAC, ¶¶ 2-7, 500-507, 513, 545-551, 556-558, 563-571.) In addition, the putative class they seek to represent (*i.e.*, drivers who have used the App in New York since May 2011, and have opted-out of arbitration) is duplicative of the putative classes in the *Mumin* and *Ortega* Actions. Finally, although there are additional defendants named in this case, the corporate entities are subsidiaries of Defendants Uber Technologies, Inc., or Uber USA, LLC, (*see* Dkt. #9; SAC, ¶¶  62, 64, 67, 70), and the Individual Defendants were all named in connection with their alleged involvement with Uber's operations in New York. (SAC, ¶¶ 1, 139, 147-148, 156, 166, 173.) In addition, Plaintiffs effectively assert that *all* Defendants operated collectively as a single entity. (*Id.*, ¶¶ 1, 62, 70.) Accordingly, there can be no question

---

[5] Both the *Mumin* and *Ortega* Actions are more procedurally advanced than this case. The pleading stage has closed, and scheduling orders were issued on May 23, 2017, following the parties' Initial Conference. (RJN Exh. H, *Mumin* Dkt. #59; RJN Exh. I, *Ortega* Dkt. #55.)

that there is "substantial overlap" between the parties.  Given these considerations, resolution of the claims asserted in the *Mumin* and *Ortega* actions would "leave[] little to be decided" in this matter with respect to Plaintiffs' NYLL claims.  *See Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005).

In sum, because the *Mumin* and *Ortega* Actions were filed first, and because the claims and allegations, putative classes, and named defendants overlap, Plaintiffs' claims for unpaid minimum wage, overtime, unlawful deductions, notice and record-keeping violations, and spread-of-hours pay under the NYLL should be dismissed pursuant to the First-Filed Rule.[6]

**B.      Plaintiffs' claim for "illegal kickbacks" (Count 7) fails because Uber's Service Fee does not qualify as a kickback**

"Under the FLSA, 'wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or free and clear.  The wage requirements of [the FLSA] will not be met where the employee kicks-back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.'"  *Park v. FDM Group (Holdings) PLC*, 2017 U.S. Dist. LEXIS 33945, at *11 (S.D.N.Y. March 9, 2017) (quoting 29 C.F.R. § 531.35).  Pursuant to 29 C.F.R. § 531.35, "[c]ourts have generally found deductions for 'tools of the trade' such as uniforms, vehicles and other costs that are specific business expenses of the employer, and that are primarily for the benefit of the employer, to be 'kickbacks.'"  *Id.* at *12.

Defendants do not argue with this precedent.  In this case, however, Plaintiffs do not base

---

[6]  At a minimum, Plaintiffs' **class claims** for unpaid minimum wage, overtime, unlawful deductions, notice and record-keeping violations, and spread-of-hours pay under the NYLL, which overlap with the class claims and allegations asserted in the earlier-filed *Mumin* and *Ortega* Actions, should be dismissed, and Plaintiffs' individual claims should be stayed pending resolution of the *Mumin* and *Ortega* Actions.

their claim for illegal kickbacks on expenses they incurred in purchasing "tools of the trade."[7] Rather, they contend that Uber's Service Fee, amounting to between 20 to 28% of each fare, constitutes an illegal kickback from their "wages."  (SAC, ¶¶ 187-188, 394-395, 496, 559-562.) Their contention is facially baseless.  Even if Plaintiffs were found to be "employees" under the FLSA, the Service Fee could not be construed as a kickback.

As Plaintiffs concede, Uber's Service Fee was and is a payment arrangement agreed to by the parties (SAC, ¶¶ 187, 394), and there is nothing unlawful under the FLSA or any other provision of law about an agreement to effectively split revenue generated through the provision of services or sale of goods.  Accordingly, Plaintiffs' illegal kickback claim should be dismissed.[8]

### C.   Plaintiffs' unjust enrichment claim (Count 12) is barred by the existence of a contract

Plaintiffs' unjust enrichment claim must be dismissed because Plaintiffs admit in their SAC that there is a written contract covering the subject matter at issue.  *See Roberts v. Capital One, N.A.*, 2017 U.S. Dist. LEXIS 68369, at *13 (S.D.N.Y. May 4, 2017) ("Plaintiff's unjust enrichment claim is pleaded in the alternative, and arises out of precisely the same conduct as that underlying Plaintiff's breach of contract claim.  Only 'where a bona fide dispute exists as to the existence of the contract, the plaintiff may proceed on both breach of contract and quasi-contract theories.'"); *Spread Enters. v. First Data Merch. Serv. Corp.*, 2012 U.S. Dist. LEXIS 119080, at *14-16 (E.D.N.Y. Aug. 22, 2012) (citing cases for same proposition.)

---

[7] Plaintiffs assert a separate cause of action (Count 5) for tools of the trade reimbursement. (SAC, ¶¶ 552-554.)

[8] If the Court does not dismiss Plaintiffs' NYLL unlawful deductions claim (Count 6) from this case in its entirety pursuant to the First-Filed Rule (discussed above), the portion of Plaintiffs' claim that is based on the theory that Uber's Service Fee qualifies as an unlawful deduction under NYLL § 193 should be dismissed for similar reasons.

Specifically, Plaintiffs allege that drivers were required to enter into a contract in order to "accept dispatches" from Uber.  (SAC, ¶¶ 187, 352.)  They discuss these agreements at length throughout the SAC, and, as set forth below, they even assert a claim for breach of contract based on certain provisions of the agreements.  (*Id*., ¶¶ 352-393, 414-431, 516, 574-575.)  In addition, Plaintiffs' unjust enrichment claim is premised entirely upon the *same* theory as one aspect of their breach of contract claim; namely, that Uber's Upfront Pricing feature unlawfully deprived drivers of their share of the "upfront" fares allegedly charged to riders.  (*Id*., ¶¶ 422-423, 577-579.)

Given that Plaintiffs have expressly pled the existence of an actual contract that covers this subject matter, Plaintiffs cannot proceed with their quasi-contract unjust enrichment claim as a matter of law.  *See Anthem, Inc. v. Express Scripts, Inc.*, 2017 U.S. Dist. LEXIS 43281, at *13-14 (S.D.N.Y. Mar. 23, 2017) ("Where there is an enforceable written contract governing the particular subject matter, claims based on quasi-contract theories like unjust enrichment do not provide a distinct basis for recovery.") (*citing Vitrano v. State Farms Ins. Co.*, 2008 U.S. Dist. LEXIS 51787, at *11 (S.D.N.Y. July 7, 2008)).  Plaintiffs' unjust enrichment claim should, therefore, be dismissed.

**D.    Plaintiffs' claim for breach of the covenant of good faith and fair dealing (Count 13) fails because it is duplicative of their breach of contract claim**

A claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law when it is duplicative of a claim for breach of contract, and both claims are based upon the same set of facts.  *See Karmilowicz v. Hartford Fin. Serv. Grp.*, 494 Fed. Appx. 153, at *11-12 (2d Cir. Aug. 30, 2012) (affirming dismissal of claim and noting "New York law…does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled") (*citing Harris*

*v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002)); *Integrated Const. Enter., Inc. v. GN Erectors, Inc.*, 2016 U.S. Dist. LEXIS 170081, at *7 (S.D.N.Y. Dec. 8, 2016) (dismissing breach of covenant of good faith and fair dealing claim because the "claim is entirely redundant of the breach of contract claim"); *see also Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*, 70 A.D.3d 423, 426, 894 N.Y.S.2d 47, 49-50 (1st Dep't 2010) ("The claim that defendants breached the implied covenant of good faith and fair dealing was properly dismissed as duplicative of the breach-of-contract claim, as both claims arise from the same facts.").

In this case, Plaintiffs' breach of contract claim, which Plaintiffs also plead in the alternative to their unlawful deductions claim under the NYLL (*see* SAC, ¶ 413), is premised upon the theory that: (i) Uber breached its agreements with drivers by deducting sales tax and Black Car Fund contributions from their fares before remitting those fares to them (*id.*, ¶¶ 363-370); and (ii) Uber's Upfront Pricing feature deprived drivers of their "right to their contractually due share of the full fare charged to the passenger," as Uber allegedly retained the difference between the Upfront Pricing fare charged to riders, and the fare reported to drivers.  (*Id.*, ¶¶ 33, 414-421, 574.)

Plaintiffs' claim for breach of the covenant of good faith and fair dealing is completely subsumed by Plaintiffs' breach of contract claim, and is premised upon the exact same theory and underlying facts.  Specifically, Plaintiffs assert that as a result of Uber's Upfront Pricing feature, drivers did not receive "their ***contractually required*** share of" monies allegedly charged to riders in excess of the fares reported to drivers, as those amounts were purportedly retained by Uber.  (SAC, ¶ 581) (emphasis supplied.)

In short, Plaintiffs' claim for breach of the implied covenant of good faith and fair

dealing is redundant of their breach of contract claim, and should, therefore, be dismissed.

**E.     Plaintiff Haider, Carrasco, Shanti, Parmar, and Cavaretta's claim for spread-of-hours pay (Count 10) fails because Plaintiffs do not allege they ever worked more than ten hours in a single day**

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that only offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" nor will "naked assertion[s]…without some further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 555-557.

The Second Circuit has interpreted *Iqbal* and *Twombly* to require a plaintiff to assert more than a general failure to pay wages in order to state a claim under the FLSA and NYLL. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (affirming dismissal of FLSA overtime claim because plaintiffs' claims were too speculative and plaintiffs did not "allege[] a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"); *DeJesus v. HF Mgmt. Servs., LLC.*, 726 F.3d 85, 89 (2d Cir. 2013) (affirming dismissal of FLSA and NYLL overtime claims where, among other things, Plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content"); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200–01 (2d Cir. 2013) (finding allegation that plaintiffs regularly worked in excess of 40 hours per week and were not paid for those hours insufficient to state a claim).

Although *Lundy* and its progeny specifically address pleading requirements for claims for unpaid overtime, the reasoning is equally applicable to other kinds of wage and hour claims, including claims seeking spread-of-hours pay. *See Azeez v. Ramaiah*, 2015 U.S. Dist. LEXIS 46574, at *17-18 (S.D.N.Y. Apr. 9, 2015) (dismissing plaintiff's spread of hours claim where

plaintiff failed to identify "a single day on which he worked more than ten hours"); *see also, generally Hinckley v. Seagate Hospitality Grp., LLC*, 2016 U.S. Dist. LEXIS 152799, at *28-29 (W.D.N.Y. Nov. 3, 2016) (dismissing plaintiff's spread of hours claim and accepting defendant's argument that plaintiff did "not allege 'any detail' concerning the alleged violation, such as 'his work schedule, the amount of time, if any, between shifts, or when or how he allegedly was not paid for spread of hours"); *Almanzar v. Townhouse Mgmt. Co., Inc.*, 2015 N.Y. Misc. LEXIS 4625 (N.Y. Sup. Ct. Nov. 13, 2015) (plaintiffs failed to provide details in support of their spread of hours claim).

In this case, unlike Plaintiff Jallow, who alleges that he works "between 12-15 hours per day" (SAC, ¶ 448), Plaintiffs Haider, Carrasco, Shanti, Parmar, and Cavaretta fail to allege whether they ever *personally* worked more than ten hours in a single day.   Instead, they rest their claims on the generic and conclusory allegation that they were not paid "one hour of pay those days the Plaintiffs worked in excess of 10 hours per day."   (*Id.*, ¶ 570.)   This is plainly insufficient to state a claim.   Accordingly, to the extent Plaintiffs' claim for spread-of-hours pay is not dismissed in its entirety pursuant to the First-Filed Rule (discussed above), Plaintiff Haider, Carrasco, Shanti, Parmar, and Cavaretta's claims for spread-of-hours pay should be dismissed.

### F.     Plaintiffs should not be permitted to proceed with their promissory estoppel claim (Count 14) on a class basis, and their class allegations should be stricken

Plaintiffs assert that Plaintiff Haider, and members of an amorphous "Promissory Estoppel Class," suffered injuries because they detrimentally relied upon certain promises made by Defendants.   (SAC, ¶¶ 522-525, 586-588.)   Specifically, Plaintiffs claim that Defendants promised Plaintiff Haider, and members of the putative class, that they would be permitted to provide "certain levels of service if they had a specific type of vehicle." (*Id.*, ¶ 522.)   Plaintiffs

further allege that members of the Promissory Estoppel Class suffered injuries when Uber subsequently precluded them from using such vehicles to provide those services.  (*Id*., ¶ 588.)

However, as courts across the country have recognized, promissory estoppel claims are inherently individualized.  Indeed, as previously noted by the Court in this case, "***[o]ral promises that create a promissory estoppel are not good seeds for class status***." (RJN Exh. A, April 4 Tr., 40:7-9) (emphasis supplied).  This is because promissory estoppel claims cannot be adjudicated without a series of individualized determinations, including, among other things: (i) when, (ii) by whom, and (iii) to whom, the alleged promises serving as the basis for such claims were made, (iv) the terms surrounding each promise, and (v) the nature of each person's reliance on any such promise.

This level of individualized analysis forecloses class treatment.  *See Walney v. Swepi LP*, 2015 U.S. Dist. LEXIS 122119, at *58 (W.D. Pa. Sept. 14, 2015) (denying class certification as to promissory estoppel claim and noting that the claim was "not suitable for classwide resolution" as it would "be necessary for the fact-finder to examine the negotiation process for each individual lease transaction" and further reasoning that "[e]stablishing each landowner's reliance on the alleged promise w[ould] also require individualized proof" and "each putative class members' 'detriment' w[ould] have to be individually analyzed"); *Auto. Leasing Corp. v. Mahindra & Mahindra, Ltd.*, 2014 U.S. Dist. LEXIS 33224, at *15 (N.D. Ga. Mar. 14, 2014) (denying class certification and determining that "the state law applicable to each members' common law claims for unjust enrichment and promissory estoppel would require individualized due process determinations"); *Moss v. Crestpark Dewitt, LLC*, 2014 U.S. Dist. LEXIS 4615, at *8 (E.D. Ark. Jan. 14, 2014) ("To establish a claim of promissory estoppel would require the consideration of individual evidence regarding reliance.").

Here too, Plaintiffs' promissory estoppel claim cannot be adjudicated without making these same individualized determinations, thereby rendering class treatment improper. *See Butcher v. Delta Mem'l Hosp.*, 2013 U.S. Dist. LEXIS 54964, at *25 (E.D. Ark. Apr. 17, 2013) (denying plaintiffs' motion for leave to amend the complaint to include promissory estoppel claim and reasoning "[w]ithout question, claims for promissory estoppel would require the consideration of individual evidence regarding reliance, which would overwhelm any common questions of law or fact presented by class claims" and further noting that additional analysis as to "when the cause of action accrued, what misrepresentations were made and when, and whether the plaintiff relied on the misrepresentations" would be required).  Indeed, only one Plaintiff even alleges that he has a promissory estoppel claim, further confirming the individualized nature of this claim and Plaintiffs' underlying theory.  (SAC, ¶¶ 522-525.)

Accordingly, Plaintiffs should be precluded from proceeding with their promissory estoppel claim on a class basis, and their class allegations should be stricken pursuant to Fed. R. Civ. P. 12(f).

> **G.**  **Absent allegations of bad faith or fraud on the part of the Individual Defendants, or allegations that the Individual Defendants are personally bound by the agreements that were allegedly breached, Plaintiffs' contract and quasi-contract claims (Counts 11-14) against them should be dismissed**

"In general, absent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations." *Rella v. N. Atl. Marine, Ltd.*, 2004 U.S. Dist. LEXIS 11567, at *29 (S.D.N.Y. June 21, 2004) (citing to *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1177 (2d Cir. 1993)); *see also Shostack v. Diller*, 2016 U.S. Dist. LEXIS 30354, at *8 (S.D.N.Y. Mar. 8, 2016) (dismissing individual defendants from complaint and noting that "[p]laintiff has failed to plead any facts showing that the individual defendants participated, directed, were

aware of, or benefitted from, the actions on which he bases his claims" choosing instead to rely upon "speculation and legal conclusions").

In addition, "[i]t is well-established under New York law that persons may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts." *Rapay v. Chernov*, 2017 U.S. Dist. LEXIS 31401, at *5-6 (S.D.N.Y. Mar. 6, 2017) (maintaining certain common law claims but dismissing breach of contract claims against individual defendants); *Pot Luck, LLC v. Freeman*, 2010 U.S. Dist. LEXIS 23473, at *12 (S.D.N.Y. Mar. 8, 2010) (dismissing claims against individual defendants and stating "[h]ere [p]laintiff has not alleged that individual [d]efendants [] intended to substitute or add their own liability to that of the corporate defendants.  Nor does the face of the [l]icense [a]greement provide any evidence of such an intent"); *Golden Triangle Co. v. Fonar Corp.*, 2011 U.S. Dist. LEXIS 94224, at *3-4 (E.D.N.Y. Aug. 15, 2011) (dismissing breach of contract claim against individual defendants and noting that "the allegations are not sufficient to state a claim against the individual defendants – non-parties to the contract – for breach of contract").

In this case, Plaintiffs have not alleged that the Individual Defendants *personally* acted with bad faith or fraud with respect to the alleged conduct giving rise to their claims, nor have they alleged that the Individual Defendants assumed any obligations under the agreements that were allegedly breached.  Although Plaintiffs generically allege, in conclusory fashion, that the Individual Defendants maintained operational control over Uber's business operations (*see e.g.* SAC, ¶¶ 139, 149, 156, 167, 173-174, 403-408),[9] they fail to allege any fraud or bad faith on

---

[9] The Individual Defendants also maintain that Plaintiffs' allegations are insufficient to plausibly state that the Individual Defendants had sufficient "operational control" over Plaintiffs to make them "employers" under the FLSA or NYLL, but reserve this challenge for an appropriate

behalf the Individual Defendants.   Similarly, Plaintiffs do not allege that the Individual Defendants: (i) are signatories to the service agreements governing their use of the App, (ii) are bound by the agreements, or (iii) personally assumed any obligations under the agreements. Without these threshold allegations, Plaintiffs cannot state contract or quasi-contract claims against the Individual Defendants.

Accordingly, Plaintiffs' contract and quasi-contract claims against the Individual Defendants should be dismissed.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court: (i) dismiss Plaintiffs' NYLL claims for unpaid minimum wage, overtime, unlawful deductions, notice and record-keeping violations, and spread-of-hours pay, pursuant to the First-Filed Rule, (ii) dismiss Plaintiffs' claims for illegal kickbacks, unjust enrichment, and breach of the covenant of good-faith and fair dealing, in their entirety, (iii) dismiss Plaintiff Haider, Carrasco, Shanti, Parmar, and Cavaretta's claims for spread-of-hours pay, to the extent this claim is not dismissed in its entirety pursuant to the First-Filed Rule, (iv) preclude Plaintiffs from pursuing their promissory estoppel claim on a class basis, and strike their class allegations, and (v) dismiss Plaintiffs' contract and quasi-contract claims against the Individual Defendants.

---

juncture in the case.

Respectfully submitted,

Date:   June 2, 2017
        New York, New York

/s/ Andrew M. Spurchise
David M. Wirtz
Andrew M. Spurchise
Kevin R. Vozzo
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600

Attorneys for Defendants
Uber Technologies, Inc., Uber Logistik, LLC,
Uber USA, LLC, Acht-NY, LLC, Achtzehn-
NY, LLC, Garret Camp, Andrew Chapin,
Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-
NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC,
Elf-NY, LLC, Einundzwanzig-NY, LLC, Funf-
NY, LLC, Funfzehn-NY LLC, Grun, LLC, J.
William Gurley, Hinter, LLC, Travis Kalanick,
Josh Mohrer, Neun-NY, LLC, Neunzehn-NY,
LLC, Schmecken, LLC, Sechs-NY, LLC,
Sechzehn-NY, LLC, Sieben-NY, LLC,
Siebzehn-NY, LLC, Unter, LLC, Vier-NY,
LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-
NY, Zwanzig-NY LLC, Zwei-NY, LLC,
Zwolf-NY, LLC