UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

BIGU HAIDER, VIYAJ SHANTI, INDERJEET
PARMAR, DIOGENES CARRASCO, TIMOTHY
CAVARETTA, CHERNO JALLOW, and,
Individually, on Behalf of All Others Similarly
Situated, and as Class Representatives,

                      Plaintiffs,

  -against-

UBER TECHNOLOGIES, INC., et al.,

                      Defendants.

------------------------------------------------------------- X

**SUMMARY ORDER DENYING MOTION TO CERTIFY CLASS**

16 Civ. 4098 (AKH)

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE F: 2/23/18]

ALVIN K. HELLERSTEIN, U.S.D.J.:

     On February 22, 2018, I held oral argument on Plaintiffs' motion for conditional certification and court-authorized notice pursuant to 29 U.S.C. § 216(b). *See* Dkt. No. 79. For the reasons stated on the record, Plaintiffs' motion is denied. The circumstances of the putative class members vary too greatly to, in determining whether an employer-employee relationship exists, properly apply, on a class-wide basis, the five-step "economic reality" test identified in *United States v. Silk*, 331 U.S. 704 (1947), and applied in our Circuit, *see Saleem v. Corp. Transportation Grp., Ltd.*, 854 F.3d 131 (2d Cir. 2017).

     Plaintiffs shall proceed with discovery and appear for a status conference on March 16, 2018, 10:00 A.M., and be prepared to discuss an initial discovery plan. Plaintiffs may, upon further discovery and at the appropriate time, move for conditional certification of a class whose members are sufficiently similar for class-wide resolution.

The Clerk shall terminate the motion.

SO ORDERED.

Dated: Feb 23, 2018
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge