# Exhibit A

# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into by and between Bigu Haider, Vijay Kumar fka Vijay Shanti, Inderjeet Parmar, Diogenes Carrasco, Timothy Cavaretta, Cherno Jallow, and Mohd Nazrul Sikder ("Plaintiffs"), and Uber Technologies, Inc. ("Uber"). As set forth in this Agreement, Plaintiffs and Uber (collectively referred to herein as the "Parties") hereby resolve any and all claims and/or disputes Plaintiffs have or may have against Uber including, but not limited to, those that were alleged or could have been alleged in "*Haider, et al. v. Uber Technologies, Inc., et al.*," Case No. 1:16-cv-04098, in the United States District Court for the Southern District of New York, and any claims that Uber may have against Plaintiffs.

## RECITALS

A. Uber offers its software application (the "Uber App") to facilitate transportation services, and it provides access to and the use of the Uber App to for-hire drivers ("drivers") in New York City in exchange for a fee.

B. Plaintiffs each contracted with one or more subsidiaries of Uber, including, but not limited to Uber USA, LLC, to access and use the Uber App as drivers.

C. On or around June 2, 2016, Plaintiffs Haider, Kumar, Parmar, Carrasco, Cavaretta, and Jallow, along with the New York Taxi Workers Alliance ("NYTWA"), and several other individuals no longer parties to the case, filed a putative class and collective action complaint against Uber, and affiliated entities and individuals, entitled "*New York Taxi Workers' Alliance, et al., v. Uber Technologies, Inc., et al.,*" Case No. 1:16-cv-04098, in the United States District Court for the Southern District of New York. Plaintiffs filed a First Amended Complaint on or around September 20, 2016, a Second Amended Complaint on or around May 12, 2017, and a Third Amended Complaint on or around August 8, 2017. After NYTWA was dismissed from the lawsuit on April 7, 2017, the case was re-styled as *Haider, et al. v. Uber Technologies, Inc., et al.* ("the *Haider* Action"). The Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint are collectively referred to herein as the "Complaint." In the Complaint, Plaintiffs allege, among other things, that Uber misclassified them as independent contractors, and assert various claims, including wage and hour claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as claims for promissory estoppel and breach of contract. Mohd Nazrul Sikder subsequently expressed his intent, through counsel, to pursue similar claims against Uber and the other *Haider* Action defendants, and the Parties consent to his joining the *Haider* Action as a Plaintiff for settlement purposes. Plaintiffs have not, at any time, made any allegations or claims that they were subjected to sexual harassment or abuse by Uber or the Released Parties (defined below).

D. The term "Released Parties" shall include Uber Technologies, Inc., Uber USA, LLC, Uber Logistik, LLC, Acht-NY, LLC, Achtzehn-NY, LLC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig-NY, LLC, Funf-NY, LLC, Funfzehn-NY, LLC, Grun, LLC, Hinter,

1

LLC, Neun-NY LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sechzehn-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC, Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-NY, LLC, Zwei-NY, LLC, Zwolf-NY, LLC, Travis Kalanick, J. William Gurley, Garrett Camp, Josh Mohrer, and Andrew Chapin, and any and all of Uber's present and former parent companies, subsidiaries, successors, predecessors, and affiliated business entities not identified above, as well as each of its and their directors, members, officers, employees, agents, representatives, investors, shareholders, insurers and attorneys, and all persons connected with them (whether or not acting within the scope of their duties).

**E.** The Released Parties deny any wrongdoing, and contend that their treatment of Plaintiffs as independent contractors was at all times appropriate and lawful, and further that their treatment of Plaintiffs was consistent with the terms of any and all agreements with them. The Released Parties deny the existence of an employment relationship between Plaintiffs and any of the Released Parties. To the extent Plaintiffs contend they are owed any monies, including wages and/or penalties, due to the existence of such an alleged employment relationship, Plaintiffs acknowledge that those claims are disputed by the Released Parties. The Released Parties deny that they owe any attorneys' fees to Mirer Mazzocchi & Julien PLLC and/or to the NYTWA and any of its attorneys or agents, including Zubin Soleimany (collectively, "Plaintiffs' Counsel") for work done in connection with Plaintiffs' claims, all of which are specifically denied, or any of the claims initially pursued by the NYTWA, all of which are denied and were dismissed from the action with prejudice on April 7, 2017.

**F.** Regardless of the disagreement between the Parties, the Parties desire to avoid the costs of litigation, and have therefore agreed to settle and resolve completely and finally Plaintiffs' Complaint, and any other disputes Plaintiffs may have against the Released Parties, including, but not limited to those claims that were alleged or could have been alleged in the *Haider* Action, or that Uber may have against Plaintiffs, without any admission of liability.

## TERMS OF AGREEMENT

NOW, THEREFORE, for and in consideration of the mutual covenants, conditions, promises and agreements contained herein, the Released Parties, Plaintiffs agree as follows:

**1.** NONADMISSION OF LIABILITY. This Agreement is a compromise and general release of all claims, known or unknown and does not constitute an admission of liability by the Released Parties or an admission, directly or by implication, that any of them have violated any law, rule or regulation, or any contractual right, or any other duty or obligation of any kind, including any duty or obligation owed to or allegedly owed to Plaintiffs or any other party. This Agreement shall not in any way be construed as an admission that the Released Parties or any of their representatives misclassified Plaintiffs or any other driver as independent contractors or otherwise acted wrongfully with respect to Plaintiffs or any other driver, but shall be construed strictly as an instrument to avoid litigation. This Agreement shall not in any way be construed as an admission or evidence that Plaintiffs or any other driver are or were employees or agents of Released Parties. This Agreement and its terms shall not be admissible or submitted as evidence, or to prove liability for or the validity of any claims that relate, refer, or pertain to the subject matter of this Agreement, in any litigation, action or proceeding, for any purpose, other than to secure

2

enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

    **2.**  MONETARY CONSIDERATION, TERMS OF PAYMENT, DISMISSAL, AND CONTINUING JURISDICTION. In exchange for the promises contained herein, including Plaintiffs' release of all claims against the Released Parties, and provided that Plaintiffs Haider, Parmar, Kumar, Carrasco, and Sikder have not exercised their right of revocation, and all Plaintiffs have otherwise complied with the conditions precedent to payment described below, the Released Parties shall pay to Plaintiffs and Plaintiffs' Counsel a <u>total</u> of One Hundred Ninety Five Thousand Dollars ($195,000.00) (the "Settlement Amount"), by checks issued by Uber, as follows:

    **a.**  Twenty-Four Thousand, One Hundred And Thirty-Two Dollars And Thirty One Cents ($24,132.31) made payable to "Bigu Haider." No tax deductions shall be taken from this amount. Uber will issue Bigu Haider an IRS Form 1099 reflecting payment of $24,132.31.

    **b.**  Thirty-One Thousand, Eight Hundred And Fourteen Dollars And Eleven Cents ($31,814.11) made payable to "Inderjeet Parmar." No tax deductions shall be taken from this amount. Uber will issue Inderjeet Parmar an IRS Form 1099 reflecting payment of $31,814.11.

    **c.**  Ten Thousand, One Hundred Dollars And Twenty-Seven Cents ($10,100.27) made payable to "Vijay Kumar." No tax deductions shall be taken from this amount. Uber will issue Vijay Kumar an IRS Form 1099 reflecting payment of $10,100.27.

    **d.**  Eleven Thousand, Eight Hundred And Eighteen Dollars And Seventy-Eight Cents ($11,818.78) made payable to "Diogenes Carrasco." No tax deductions shall be taken from this amount. Uber will issue Diogenes Carrasco an IRS Form 1099 reflecting payment of $11,818.78.

    **e.**  Six Thousand, Two Hundred And Seven Dollars And Sixty-Four Cents ($6,207.64) made payable to "Timothy Cavaretta." No tax deductions shall be taken from this amount. Uber will issue Timothy Cavaretta an IRS Form 1099 reflecting payment of 6,207.64.

    **f.**  Twenty-Two Thousand, Eight Hundred And Thirty-Three Dollars And Two Cents ($22,833.02) made payable to "Cherno Jallow." No tax deductions shall be taken from this amount. Uber will issue Cherno Jallow an IRS Form 1099 reflecting payment of $22,833.02.

    **g.**  Nineteen Thousand, Eight Hundred And Eighty Dollars And Eighty-Nine Cents ($19,880.89) made payable to "Mohd Nazrul Sikder." No tax deductions shall be taken from this amount. Uber will issue Mohd Nazrul Sikder an IRS Form 1099 reflecting payment of $19,880.89.

    **h.**  Sixty-Eight Thousand, Two Hundred and Twelve Dollars and Ninety Eight Cents ($68,212.98) made payable to "Mirer Mazzocchi & Julien, PLLC" on behalf of all Plaintiffs' Counsel. No tax deductions shall be taken from this amount. Uber will issue Mirer Mazzocchi & Julien, PLLC an IRS Form 1099 reflecting payment of $68,212.98.

    **i.** The Settlement Amount shall be delivered to Plaintiffs' Counsel, Mirer Mazzocchi & Julien PLLC, Attn: Jeanne Mirer, 150 Broadway, 12th Floor, New York, New York 10038, within fifteen (15) days after <u>all</u> of the following events have occurred: (i) counsel for Uber (i.e., Andrew M. Spurchise, Littler Mendelson, PC) is in physical receipt of a fully executed copy of this Agreement, and completed and signed IRS Forms W-9 from Mirer Mazzocchi & Julien, PLLC and Plaintiffs; (ii) Plaintiffs have filed with the Court a stipulation of dismissal in accordance with the terms of this Settlement Agreement, seeking dismissal of Plaintiffs' claims with prejudice, and (iii) the Court has approved this settlement in accordance with the terms of this Settlement Agreement, and entered an order dismissing Plaintiffs' claims with prejudice.

    **j.** The Court shall retain jurisdiction to resolve any disputes arising from the Agreement and the settlement of the *Haider* Action.

  **3.** TAX TREATMENT. Released Parties make no representations or warranties regarding the taxability or non-taxability of the Settlement Amount, and Plaintiffs understand and agree that they are responsible for obtaining their own professional advice on such issues. Plaintiffs and Plaintiffs' Counsel agree that they will respectively assume and be responsible for any tax obligations or consequences that may arise out of the payments agreed to herein; neither Plaintiffs nor Plaintiffs' Counsel will seek any indemnification from the Released Parties regarding taxability of the proceeds of the amounts payable herein. Notwithstanding the foregoing, if any claim is asserted against a Released Party by any taxing authority with respect to this payment, Plaintiffs and Plaintiffs' Counsel understand and agree that they shall each be liable for their own individual portion of any taxes owed.

    **4.** MUTUAL RELEASE OF CLAIMS.

    **a.** <u>Release of Claims by Plaintiffs</u>. Plaintiffs, on behalf of themselves, their business endeavors, their offspring, heirs, agents, attorneys, administrators, representatives, executors, successors, and assigns, hereby irrevocably and unconditionally release and forever discharge the Released Parties from all claims of any nature whatsoever, known or unknown, suspected or unsuspected, foreseen or unforeseen, that Plaintiffs now have or assert to have, or which Plaintiffs at any time heretofore had, or asserted to have, at any time up to the Effective Date of the Agreement, against the Released Parties concerning any aspect of Plaintiffs' relationship with the Released Parties. The term "claims" includes any claim, action (including any pending or future collective, class, private attorney general or representative actions for which Plaintiffs may otherwise qualify as putative class members or represented parties), or cause of action, regardless of the forum in which it may be brought, and includes, but is not limited to, any claim relating to alleged misclassification as an independent contractor; breach of express or implied contract; breach of the covenant of good faith and fair dealing; unjust enrichment; breach of any obligation arising out of any law or public policy of the United States of America, New York State, New York City, or any governmental entity; discrimination or harassment on the basis of race, sex, sexual preference, gender identity, age, national origin, religion, medical condition, disability, marital status or otherwise (including but not limited to claims

4

under the Civil Rights Acts of 1866, 1964 and 1991, the Age Discrimination in Employment Act of 1967,the New York State Human Rights Law, the New York City Human Rights Law, any amendments to the foregoing, or any other federal, state, county or local law, ordinance, regulation or order relating to employment or Plaintiffs' status as independent contractors); unpaid wages, unpaid overtime, spread-of-hours pay, reimbursement of business expenses, costs for "tools of the trade" expenditures, restitution, wage statements, wage notices, unlawful deductions, illegal kickbacks, chargebacks, gratuities, and benefits; unfair business practices; intentional or negligent infliction of emotional distress; promissory estoppel; fraud, false advertising, misrepresentation, defamation, interference with contract or other interests; claims under the National Labor Relations Act; or any other claims or causes of action for damages of any nature, including without limitation, actual, compensatory, punitive, and liquidated damages, penalties, fines, interest, injunctive or declaratory relief, and attorneys' fees, costs and expenses. The foregoing includes, without limitation, any and all claims for relief that (i) were asserted in the Complaint, and/or (ii) arise out of the facts, matters, transactions or occurrences referred to in the Complaint that could have been asserted as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law, local law or common law, including all violations of the NYLL, including claims under NYLL § 160 *et seq.*; NYLL § 190 *et seq.* (including, but not limited to, §§ 191, 193, 195, and 198); NYLL §§ 215 and 218; NYLL § 650 *et seq.*; 12 N.Y. Comp. Codes R. & Regs. §§ 142-2.10 *et seq.* (including, but not limited to, §§ 142-2.2, 142-2.4), the FLSA, 29 U.S.C. § 201 *et seq.*, and/or any similar local ordinance governing wages, hours and working conditions.

> **(1)** Plaintiffs expressly waive and release to the maximum extent allowed by law any and all claims, known or unknown, that may have accrued on or before the date they executed this Agreement, regarding their contractual relationship with the Released Parties and any amounts allegedly owed to them for services they performed during their contractual relationship with the Released Parties other than those amounts specifically set forth herein.
>
> **(2)** Plaintiffs also waive and release to the maximum extent allowed by law all monetary and other relief that may be sought on their behalf by other persons or agencies. The sole exclusions from this release shall be the consideration provided in exchange for this Agreement, any claim that cannot be waived by private agreement under federal, state, or local law, or any claim that arises after the Effective Date of this Agreement.

**b.** <u>Release of Claims by Uber</u>. Uber hereby releases, acquits and forever discharges Plaintiffs from any and all claims, demands, obligations, actions, causes of action, liabilities, debts, promises, agreements, demands, attorneys' fees, losses and expenses, that it may have or had against Plaintiffs at any time up to the Effective Date of the Agreement.

   **c.**  Nothing in this Agreement shall be construed to limit any party or its representatives from any affirmative legal duty to report or disclose information, or from seeking to enforce the terms of this Agreement.

  **5.**  DISMISSAL OF COMPLAINT. Plaintiffs and Plaintiffs' Counsel hereby agree that Plaintiffs will submit to the Court a stipulation to voluntarily dismiss the Complaint, and all causes of action asserted therein, with prejudice, and agree that such stipulation will be in the same form attached hereto as **Exhibit A**. The Parties also desire that, prior to dismissal, this Agreement be approved by the Court in which the Complaint is pending. Accordingly, Plaintiffs agree to move for the Court's approval after full execution of this Agreement. Court approval and dismissal of this action with prejudice is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the stipulation and order of dismissal with prejudice renders this Agreement null and void and no payments shall be made. In addition, Plaintiffs further agree to each sign sworn statements, agreed upon by Plaintiffs and Uber, attesting to material aspects of their contractual relationship with Uber and their use of the Uber App.

  **6.**  PURSUIT OF CLAIMS. Plaintiffs understand that this Agreement will be final and binding. They hereby promise that they will not pursue any claim that they have settled by this Agreement. Plaintiffs agree that if they break this promise, they will pay all of the Released Parties' costs and expenses (including reasonable attorneys' fees) related to the defense of any such claims.

  **7.**  COOPERATION.  Plaintiffs agree to fully cooperate with Uber and their counsel in connection with, and to successfully effectuate, the dismissal with prejudice of all of Plaintiffs' claims asserted in the Complaint.

  **8.**  NO PUBLICATION.

   **a.**  The Parties each covenant and agree that they shall not publish, distribute or post on any social media, website, blog or otherwise, or issue any press release concerning, the terms of this settlement, or the Agreement. The Parties agree that if they receive an inquiry from the press regarding the terms of this settlement, or the Agreement, they: (i) will not respond to the inquiry, or (ii) if they do respond, only state that: "The matter is resolved and we have no further comment." Nothing in this Agreement shall prohibit any party from disclosing information to the Court in connection with their efforts to obtain approval of the settlement.

   **b.**  In the event of a breach of the No Publication provision contained in this Agreement, the non-breaching party or parties may publicly respond to the breaching party's statement.

  **9.**  NO INTERFERENCE WITH RIGHTS. Nothing in this Agreement is intended to waive claims which cannot be released by private agreement. In addition, nothing in this Agreement, including but not limited to, the obligations set forth in the No Publication provision, acknowledgements and promise not to sue, and attorneys' fees provisions, prevent Plaintiffs from filing a charge or complaint with or from participating in an investigation or proceeding conducted by any federal, state or local law enforcement agency charged with the enforcement of any laws, although by signing this Agreement Plaintiffs are waiving rights to

individual relief or recovery based on claims asserted in such a charge or complaint, or lawsuit brought by Plaintiffs or asserted by any third-party on Plaintiffs' behalf.

**10.** DISPUTES. It is expressly understood and agreed by the Parties that if, at any time, a violation of any term of this Agreement is asserted by any party herein, said party shall have the right to seek specific performance of said term and/or any other necessary and proper relief, including, but not limited to, damages, and the prevailing party shall be entitled to reasonable costs and attorneys' fees. The Parties acknowledge this Agreement shall be governed by and construed in accordance with the laws of New York State, without regard to its choice of law principles.

**11.** SUCCESSORS. It is further expressly understood and agreed by the Parties hereto that this Agreement shall be binding upon and will inure to the benefit of Plaintiffs' individual and/or collective heirs, successors, agents, executors, and administrators if any, and will inure to the benefit of the individual and/or collective successors, assigns, fiduciaries and insurers of the Released Parties, their present and former affiliated business entities, their successors, predecessors, assigns, fiduciaries and insurers, and all of their present and former proprietors, partners, shareholders, directors, officers, employees, attorneys, agents, and all persons acting by, through, or in concert with any of them.

**12.** ASSIGNMENT. Plaintiffs represent and warrant to the Released Parties that they have not heretofore assigned or transferred, or purported to assign or transfer, in whole or in part, to any person or entity, any claim which is released by this Agreement. Plaintiffs represent and agree that they will not assign, transfer, or purport to assign or transfer, any such claims or portions thereof, and warrant and agree that they will immediately revoke and terminate any purported assignment or transfer of said claims, or portions thereof or interest therein, that may at any time be alleged. Plaintiffs will not assign, sell or otherwise transfer or encumber any of Plaintiffs' rights, duties or obligations under this Agreement.

**13.** CONSTRUCTION. All Parties reviewed and approved the language of this Agreement. Accordingly, the language of this Agreement shall be construed according to its fair meaning and not strictly for or against any of the Parties. Should any provision of this Agreement be declared or determined by any court to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**14.** MODIFICATION. This Agreement can be modified only in the form of a writing signed by the Parties. There shall be no oral agreements between the Parties concerning the subject matter of this Agreement. The failure of any party to enforce any provision of this Agreement shall not be construed as a waiver of such provision or acquiescence to the modification of such provision.

**15.** ENTIRE AGREEMENT. This Agreement constitutes the entire agreement of the Parties relating to the rights herein granted and the obligations assumed. The terms of this Agreement are contractual and not a mere recital. This Agreement is executed without reliance upon any representation by the Released Parties, or any representative thereof, regarding the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this written Agreement.

**16.** COUNTERPARTS. This Agreement may be executed in counterparts,

each of which when so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same Agreement. A faxed or electronically transmitted signature shall bear the same force and effect as an original signature.

**17.    REPRESENTATIONS AND WARRANTIES.** Plaintiffs represent and warrant that they have the requisite authority and full legal and mental capacity to execute this Agreement. Plaintiffs further represent and warrant that they have had the opportunity to consult with, and have consulted with, counsel in connection with their decision to execute this Agreement, and that they have entered into this Agreement freely and voluntarily, and recognize this Agreement as a valid and binding obligation. Plaintiffs further represent and warrant that they have been properly named in this Agreement.

**18.    ADEA / ACKNOWLEDGEMENTS.** To the extent applicable, Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder specifically understand and hereby acknowledge that they are releasing and waiving any and all claims that they may have under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., as amended ("ADEA"), and by executing this Agreement represent that:

- a.  Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder were afforded a full twenty-one (21) days within which to consider this Agreement before executing it, and if executed in less than twenty-one (21) days, the decision to do so was entirely voluntary on Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder's part and not the result of duress or coercion;

- b.  Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder have carefully read and fully understand all of the provisions of this Agreement;

- c.  Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder are, through this Agreement, releasing the Released Parties from any and all claims Plaintiffs Haider, Shanti, Parmar, Carrasco, and Sikder may have against the Released Parties;

- d.  Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder are knowingly and voluntarily agreeing to all of the terms set forth in this Agreement and to be bound by the same;

- e.  Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder were advised and hereby are advised in writing to carefully consider the terms of this Agreement and consult with an attorney of their choice prior to executing this Agreement;

- f.  Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder have a full seven (7) days following the execution of this Agreement to revoke the Agreement and have been and hereby are advised in writing that this Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired;

- g.  For revocation to be effective, notice of revocation must be submitted in writing, signed by Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder and timely delivered by first class mail to counsel for Uber, attention: Andrew M. Spurchise, Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022; and

8

   h. Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder understand that rights or claims under the ADEA that may arise after the Effective Date of this Agreement are not waived.

  **19.** **EFFECTIVE DATE.** The "Effective Date" of this Agreement is the date it is signed by all parties to the Agreement, physically received by counsel for Uber (i.e., Littler Mendelson), and not revoked by Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder within seven (7) calendar days after signing. If any Plaintiff revokes this Agreement, this Agreement will become null and void and no consideration shall be paid to any Plaintiff or Plaintiffs' counsel.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the dates set forth below.

**BIGU HAIDER**

By: *[signature]*

Dated: 03-12-2019

**DIOGENES CARRASCO**

By: *[signature]*

Dated: 3/13/19

**VIJAY KUMAR**

By: *[signature]*

Dated: 3/8/19

**TIMOTHY CAVARETTA**

By: _____

Dated: _____

**INDERJEET PARMAR**

By: *[signature]*

Dated: 3-8-19.

**CHERNO JALLOW**

By: *[signature]*

Dated: 03/12/19

**MOHD NAZRUL SIKDER**

By: *[signature]*

Dated: Mar 13th 2019

9

      **h.**    Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder understand that rights or claims under the ADEA that may arise after the Effective Date of this Agreement are not waived.

**19.**    **EFFECTIVE DATE.** The "Effective Date" of this Agreement is the date it is signed by all parties to the Agreement, physically received by counsel for Uber (i.e., Littler Mendelson), and not revoked by Plaintiffs Haider, Kumar, Parmar, Carrasco, and Sikder within seven (7) calendar days after signing. If any Plaintiff revokes this Agreement, this Agreement will become null and void and no consideration shall be paid to any Plaintiff or Plaintiffs' counsel.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the dates set forth below.

**BIGU HAIDER**

By: _____

Dated: _____

**DIOGENES CARRASCO**

By: _____

Dated: _____

**VIJAY KUMAR**

By: _____

Dated: _____

**TIMOTHY CAVARETTA**

By: *[signature]*

Dated: 3/13/2019

**INDERJEET PARMAR**

By: _____

Dated: _____

**CHERNO JALLOW**

By: _____

Dated: _____

**MOHD NAZRUL SIKDER**

By: _____

Dated: _____

9

UBER TECHNOLOGIES, INC.

By: _____
Name: TRACEY MERWISE
Title: SENIOR DIRECTOR, EMPLOYMENT
Dated: 3/12/19

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIGU HAIDER, VIJAY SHANTI, INDERJEET PARMAR, DIOGENES CARRASCO, TIMOTHY CAVARETTA, CHERNO JALLOW, Individually, on Behalf of All Others Similarly Situated, and as Class Representatives,

Plaintiffs,

-against-

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LLC, GARRET CAMP, ANDREW CHAPIN, DANACH-NY, LLC, DREIST-NY, LLC, DREIZEHN-NY, LLC, DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY, LLC, EINUNDZWANZIG-NY, LLC, FUNF-NY, LLC, FUNFZEHN-NY, LLC, GRUN, LLC, J. WILLIAM GURLEY, HINTER, LLC, TRAVIS KALANICK, JOSH MOHRER, NEUN-NY, LLC, NEUNZEHN-NY, LLC, SCHMECKEN, LLC, SECHS-NY, LLC, SECHZEHN-NY, LLC, SIEBEN-NY, LLC, SIEBZEHN-NY, LLC, UNTER, LLC, VIER-NY, LLC, VIERZEHN-NY, LLC, WEITER, LLC, ZEHN-NY, ZWANZIG-NY, LLC, ZWEI-NY, LLC, ZWOLF-NY, LLC, jointly and severally,

Defendants.

Civil Action No.: 16-cv-04098 (AKH)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs Bigu Haider, Vijay Kumar fka Vijay Shanti, Inderjeet Parmar, Diogenes Carrasco, Timothy Cavaretta, Cherno Jallow, and Mohd Nazrul Sikder, and Defendants (collectively, the "Parties"), through the undersigned counsel, with the New York Taxi Workers Alliance having previously been dismissed from the action with prejudice, pursuant to the Parties' Settlement Agreement and Mutual General Release, having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, that this action is dismissed, in its entirety, with prejudice, and with no award

of attorneys' fees, costs or disbursements to Plaintiffs or Defendants by the Court, except as set forth in the Settlement Agreement and Mutual General Release.

| | |
|---|---|
| MIRER MAZZOCCHI & JULIEN, PLLC | LITTLER MENDELSON, P.C. |
| *[signature]* | *[signature]* |
| JEANNE E. MIRER | ANDREW M. SPURCHISE |
| 150 Broadway, Suite 1200 | 900 Third Avenue |
| New York, New York 10038 | New York, New York 10022 |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| Dated: March 12, 2019 | Dated: March 13, 2019 |

**SO ORDERED:**

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE